IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH L. McNARY, #450899,  )  | | |
|       Petitioner,  )  | | |
|  ) | | |
| v.  ) | | 3:05-CV-0996-N |
|  ) | | |
| DOUGLAS DRETKE, Director, Texas  ) | | |
| Department of Criminal Justice,  ) | | |
| Correctional Institutions Division,  ) | | |
|       Respondent.  ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Powledge Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Palestine, Texas. Respondent is the Director of the TDCJ-CID. No process has been issued in this case.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted of unlawful possession of cocaine in the 195th District Court of Dallas County, Texas, Cause No. F87-93312-N. Punishment was assessed at twenty-eight years imprisonment. Petitioner's

conviction was affirmed on direct appeal. <u>McNary v State</u>, 747 S.W.2d 932 (Tex.App. -- Dallas 1988, pet. dism'd).

Petitioner has filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the conviction in this case. <u>See</u> <u>McNarry v. Scott</u>, 3:94-CV-2381-P (N.D. Tex., Dallas Div.). On June 9, 1995, the Court adopted the findings, conclusions and recommendation of the magistrate judge and denied the petition on the merits. Petitioner did not appeal.

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his conviction for unlawful possession of cocaine. He asserts two of the grounds previously raised -- i.e., that his conviction was the result of an unconstitutional search and seizure and a pretextual arrest. He also raises a new ground, namely that counsel's failure to preserve an issue for appeal amounted to ineffective assistance of counsel.

<u>Findings and Conclusions</u>: The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. <u>See</u> <u>In re Epps</u>, 127 F.3d 364 (5th Cir. 1997); <u>see also</u> <u>In re Tolliver</u>, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In <u>Felker v. Turpin</u>, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

In general, "a later petition is successive when it: 1) raises a claim challenging the

petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir.), cert. denied, 540 U.S. 910, 124 S.Ct. 287, 157 L.Ed.2d 200 (2003).

Petitioner presented his illegal search and seizure claim as well as his pretextual arrest claim in his initial federal petition. Those claims are, therefore, successive under the AEDPA. See id. (claim raised in prior petition is successive); United States v. Orozco-Ramirez, 211 F.3d 862, 866-871 (5th Cir. 2000) (same).

The facts underlying the ineffective assistance of counsel claim, relating to counsel's performance at trial, occurred before Petitioner filed his initial federal habeas petition in 1994. This claim was, thus, available to him when he filed his initial federal petition and could have been raised in that petition, but Petitioner failed to do so. As noted previously "[u]nder the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." Crone, 324 F.3d at 837. Although the ineffectiveness claims may have been unexhausted at the time Petitioner filed his initial federal habeas petition, his failure to assert the claim in that petition renders the present petition an abuse of the writ. See Crone, 324 F.3d at 838 (failure to bring jail time credit claim in initial federal petition, despite the fact that the claim was unexhausted and arose prior to prisoner filing his initial federal petition, rendered the second federal petition an abuse of the writ). Therefore, the court concludes that Petitioner's ineffective assistance of counsel claim is "successive" under the AEDPA.

In light of the successive nature of the present petition, this court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same.

3

Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[1]

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 22nd day of June, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

---

[1] It appears that a § 2254 petition attacking Petitioner's 1987 conviction in No. F87-93312 may now be time barred. See 28 U.S.C. § 2244(d). However, it is premature to consider this issue unless Petitioner first obtains leave to file a successive petition from the Fifth Circuit.

4

recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.